## Germick v. Abate et al.

*Frank P. Slattery* and *Anthony W. Wallace*, for plaintiff.

*John T. Mulhall*, for defendants.

VALENTINE, P. J., for court en banc, April, 1948. —This is a suit in assumpsit to recover an alleged balance for labor and material furnished in making alterations to defendants' home.

The case is before us on preliminary objections, filed by defendants, to plaintiff's complaint. Defendants' chief contention is that the complaint should be stricken off "because it does not conform with Rule 1026 of the Pennsylvania Rules of Civil Procedure, in that it gave defendant 15 days in which to plead rather than 20 days as specified in said rule".

This objection is based upon Pa. R. C. P. 1017(2) which permits a motion to strike off a pleading because "of lack of conformity to law or rule of Court. . . ."

Is there a procedural rule requiring a complaint to be endorsed with a notice to plead or answer within 20 days after service? If so, the motion should prevail. If not, it should be denied.

The only mandatory provision relative to the endorsement of pleadings is found in Pa. R. C. P. 1025, as follows:

"Every pleading of a party represented by an attorney shall be endorsed with the name of the attorney, and every pleading of a party not represented by an attorney shall be endorsed with the name of the party, together in each case with an address within the county."

If Pa. R. C. P. 1361, which designates a form of notice to plead, be regarded as applicable, such notice is not mandatory, nor is there a proviso that it be endorsed on the complaint. Pa. R. C. P. 1026, relied upon by counsel for defendants, and which specifies a time for filing pleadings, does not regulate the time for filing complaints, but subsequent pleadings only.

Goodrich-Amram Civil Practice (page 106—Complaints) summarizes the situation, relative to endorsements on pleadings, as follows:

"Section 10 of the Practice Act of 1915 required two sets of endorsements on the statement of claim; one requiring the defendant to file his affidavit of defense; the second giving the name of the plaintiff or his attorney and an address in the county at which the defendant might serve papers on the plaintiff. The latter of these is retained unchanged in Rule 1025; the former is no longer mandatory.

"If the plaintiff fails to endorse the name and the address, as required, the defendant may file a preliminary objection in the nature of a motion to strike off, or may ignore the error and serve any further papers as permitted in Rule 1027(2) and (3).

"In place of endorsement to file an affidavit of defense, Rule 1361 provides a simple notice to the defendant to plead within 20 days. The endorsement of this notice is not made mandatory, so that the failure of the plaintiff to endorse it will not support an attack on the form of the complaint. The failure will, how-

ever, block the action and relieve the defendant from any need to act."

The remaining objections may be disposed of with the observation that we think the complaint sufficient, and that no application for a more specific pleading (Pa. R. C. P. 1017 (3)), has been made.

Preliminary objections, filed by defendants, are overruled, and defendants are permitted to file an answer or plea within 20 days from date.